## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RIDDELL, INC. and<br>BELL SPORTS, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No.: |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| CERTOR SPORTS, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Riddell, Inc. ("Riddell") and Bell Sports, Inc. ("BSI") (collectively, "Plaintiffs") bring this Complaint against Defendant Certor Sports, LLC ("Certor" or "Defendant") and allege the following:

## NATURE OF THE ACTION

1.      This is a civil action for infringement of United States Patent Nos. 10,506,841 ("the '841 patent"), 10,932,514 ("the '514 patent"), 11,291,263 ("the '263 patent"), 10,362,829 ("the '829 patent"), and 11,712,615 ("the '615 patent") (collectively, the "patents-in suit") under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. True and correct copies of the patents-in-suit are attached hereto as Exhibits A-E.

2.      As detailed below, Plaintiffs assert that Certor infringes, and has infringed, the patents-in-suit for its unauthorized making, using, offering to sell, and/or selling in the United States, and/or importing into the United States certain Schutt- and VICIS-brand football helmets.

## THE PARTIES

3.      Riddell is an Illinois corporation, with its principal place of business located at 1700 West Higgins Road, Suite 500, Des Plaines, Illinois 60018.

4.      Riddell is a leading supplier of protective sports equipment, including football helmets.

5.      BSI is a California corporation, with its principal place of business located at 16752 Armstrong Ave., Irvine, California 92606.

6.      BSI is a leading supplier of protective sports equipment, including helmets for use in various activities.

7.      Upon information and belief, Certor is a Delaware entity, with its principal place of business located at 9400 Bradford Road, Plainfield, Indiana 46168.

8.      Upon information and belief, Certor makes, sells, offers for sale in the United States, and/or imports into the United States, sports equipment, including football helmets under the "Schutt" and "VICIS" brands.

## JURISDICTION AND VENUE

9.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

10.      This Court has personal jurisdiction over Certor because it is incorporated in the State of Delaware, has designated an agent in Delaware for service of process, and engages in business in this District. Upon information and belief, Certor has placed infringing products into the stream of commerce by shipping products into this District (and/or knowing that the products would be shipped into this District), and such infringing products have been made, used, offered for sale, and sold in this District.

11.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because Certor is incorporated in the State of Delaware and thus resides in this District. In addition, upon information and belief, Certor engages in business in this District and has placed infringing

products into the stream of commerce by shipping products into this District (and/or knowing that the products would be shipped into this District), and such infringing products have been made, used, offered for sale, and sold in this District.

## BACKGROUND

### *Plaintiffs' Innovative Helmet Technologies*

12.     Plaintiffs are innovators in athlete protection and performance, having been recognized in the industry for their ground-breaking technologies, including their helmet technologies. Plaintiffs have made significant investments in their research and development relating to these technologies and are committed to enforcing their patents against infringers to protect their investments.

13.     Riddell has been the long-standing leader in football head protection and protective athletic equipment for nearly a century. Riddell's helmet offerings include, e.g.:



SPEEDFLEX



SPEEDFLEX YOUTH

RLF1 32561192v.1



**SPEED ICON**

$399.99



**SPEED ICON YOUTH**

$284.99



**SPEED CLASSIC ICON**



**SPEED CLASSIC YOUTH**



**VICTOR-I**

14.    Riddell has led the market in offering technologies that allow helmets to be customized for individual players. For example, Riddell's Axiom Tru-Fit™ system uses Riddell's

Verifyt™ scanning app to capture a 3D image of an athlete's head, cross-reference that image with football's largest head shape database, and then customize a factory-installed performance liner system of pads with thicknesses, shapes and contours to create a personalized fit for the athlete.

15.     As another example, Riddell's Precision-Fit 3D imaging technology utilizes 3D-scanning technology to craft a helmet in which energy-managing materials are contoured precisely to an individual's head, resulting in a fully customized helmet and providing protection and performance benefits. The Precision-Fit process is different for every player, as Riddell is able to gather specific preferences such as helmet positioning, then scan the unique contours and shape of each player's head to create one-of-a-kind pad sets.





16.     As a further example, Riddell's "Diamond" helmet system leverages proprietary Carbon Digital Light Synthesis™ technology, advanced software design tools, and innovative materials to create helmets that are digitally designed and 3D-printed with high-performance, impact-absorbent, and tunable-lattice components:



**FEATURES**

**FIT TO PERFORM**
Personalized 3D images come to life with 3D-printed energy-managing materials contoured precisely to an athlete's head.

**STATE-OF-THE-ART COMFORT**
3D digitally manufactured padding precisely fits an athlete's unique head size and shape for unmatched personalization.

**CUSTOMIZED HELMET TRACKING**
Precisely contoured padding engineered to move in concert with an athlete.

**ONE-OF-A-KIND**
3D imaging app captures surfaces accurate up to 1/2 millimeter.

**THE FLEX SYSTEM**
Flexibility engineered into the helmet's shell, face mask and face mask attachment system with hinge clips; reduces impact force transfer to the athlete.

**PATENTED SIDE IMPACT PROTECTION**
Riddell's proprietary extended mandible protection helps reduce the forces from side impacts.

***Competitors' Copying of Plaintiffs' Innovations***

17.     In light of Riddell's success in the marketplace, competitors have copied Riddell's innovative helmet designs and methods. Certor's Schutt and VICIS brands of football helmets, and the methods by which such helmets are made, infringe patents owned by Plaintiffs.

18.     A representative example of an accused VICIS helmet (the VICIS Zero2) is shown below:





# VICIS ZERO2

**UVICIS**

## FROM THE LAB TO THE FIELD
Developed by VICIS' innovative team of engineers and designers, the ZERO2 takes a revolutionary approach to offer out-of-the-box thinking for a completely reimagined helmet.

### FEATURE SET INCLUDES:
- RFLX 2.0
- VICIS DLTA FIT SYSTEM
- VICIS FORM LINER
- RAPID MOUNT FACEGUARD ATTACHMENT
- STEEL FACEGUARD
- FUSION CHIN STRAP

**WHITE OUT KIT** OPTION            PG. 45
Available for all helmets. Includes:
White Rapid Mount, White Front Bumper,
White Rear Bumper, White Chin Strap & Cup


**VIRGINIA TECH. HELMET RATING** 5 ★★★★★


**TOP-RANKED** BY NFL & NFLPA LAB TESTING

**PRICING // MSRP $649.99**



## GROUNDBREAKING NEW APPROACH
The ZERO2 features a new and innovative approach to VICIS' RFLX structure to reduce weight without compromising on performance, a streamlined new design, and an array of customization options available to each athlete.

## ENHANCED FIELD OF VIEW
Optimized vertical and horizontal sight-lines provide the athlete maximum situational awareness so they can perform at an elite level.

## SIGNIFICANT WEIGHT REDUCTION
The ZERO2 is more than **15% lighter** than its predecessor ZERO1, and allows the athlete to dial in fit, comfort, and performance to elevate their game. Designed like no helmet before it, the ZERO2 is a combination of science, safety and sports equipment that is built for serious players.

### SHELL SIZES

| SHELL SIZE | HEAD SIZE | HEAD CIRCUMFERENCE |
|---|---|---|
| MEDIUM | 6⅜ - 7 | 20¾" - 22" |
| LARGE | 7 - 7⅜ | 22" - 23⅜" |
| X-LARGE | 7⅜ - UP | 23⅜" - UP |

### COMPONENT SIZING OPTION

| PART | AVAILABLE OPTIONS EACH HELMET COMES WITH FIT KIT | | | | |
|---|---|---|---|---|---|
| DLTA PODS | 0.50" | 0.625" | STABILIZER PADS | 1.00" | 1.25" |
| DLTA PODS | 0.50" | 0.625" | STABILIZER PADS | 0.75" | 1.00" |
| DLTA PODS | 0.50" | 0.625" | STABILIZER PADS | 0.75" | 0.625" |

EXTRA DLTA PODS | X-LARGE, LARGE, MEDIUM COMES WITH a YELLOW .75 pad / a GREEN .5 pad

---

# VICIS ZERO2

**UVICIS**

**01 DEFORMABLE OUTER SHELL**
Flexible outer shell technology, exclusive to VICIS helmets, allows the ZERO2 to respond like no other helmet on the market. By deforming like a car bumper, impact forces are absorbed at the point of contact, before they reach the head. The result is not only groundbreaking protection, but a helmet that feels like no other.

**02 VICIS RFLX 2.0**
Optimized for the ZERO2, VICIS RFLX 2.0 continues to leverage buckling structures, but has evolved the design with an array of columns interconnected by thin, flexible walls. The result is greater impact performance at a lower weight, allowing VICIS to further tune impact performance in key locations.

**03 REINFORCED INNER SHELL**
The inner shell has been engineered through data collected from hundreds of head shapes to optimize fit accuracy, maximize player comfort, and accommodate a wider range of players.

**04 DLTA FIT SYSTEM**
Raising the bar for personalized comfort and secure fit, the VICIS DLTA pod system is comprised of two layers: impact on the RFLX side, and comfort against the player's head. Fully interchangeable pads across 6 locations in multiple thicknesses translates to virtually unlimited customization without the need for air bladders. Updated pad materials provide upgraded comfort and improved durability.


▶ WATCH THE ZERO 2 FEATURES VIDEO
// CLICK OR SCAN QR CODE





### SHELL SIZES

| SHELL SIZE | MIN CIRCUMFERENCE | MAX CIRCUMFERENCE |
|---|---|---|
| MEDIUM | 20.25" | 22" |
| LARGE | 21.50" | 23.5" |
| X-LARGE | 23" | UP |

### COMPONENT SIZING OPTION

| PART | AVAILABLE OPTIONS EACH HELMET COMES WITH FIT KIT | | | | | | |
|---|---|---|---|---|---|---|---|
| STABILIZER PADS | 0.50" | 0.625" | 0.75" | 1.00" | 1.25" | 1.50" |
| DLTA PODS | 0.47" | 0.50" | 0.625" | 0.75" | 0.875" | 1.00" |
| FORM LINER | OCCIPITAL | | | | | |

19.     The VICIS Zero2 helmets include at least the following: Zero2, Zero2 Elite, Zero2 QB, Zero2 QB Elite, Zero2 Trench, Zero2 Trench Elite, Zero2 Youth, Zero2 Youth Elite, Zero2 Matrix ID, Zero2 Matrix QB, and Zero2 Matrix ID Trench (collectively, "Zero2 Helmets"). Examples of the VICIS Zero2 helmets are shown below:





VICIS
ZERO2 QB ELITE HELMET

VICIS
ZERO2 HELMET





VICIS
ZERO2 ELITE HELMET

VICIS
ZERO2 TRENCH HELMET

RLF1 32561192v.1





VICIS
ZERO2 TRENCH ELITE HELMET

VICIS
ZERO2 YOUTH HELMET





VICIS
ZERO2 YOUTH ELITE HELMET

20.    A representative example of an accused Schutt helmet (the Schutt F7 2.0) is shown

below:







# F7 2.0

*schutt*

ALSO SUITABLE FOR YOUTH



UPGRADE TO
**ELITE VISOR**

UPGRADE TO
**FUSION ELITE CHIN STRAP**

UPGRADE TO
**WHITE PARTS**
*schutt*

F7 2.0 PRO Model Shown

**VIRGINIA TECH.
HELMET RATING**
5 ★★★★★

1 **TEKTONIC PLATE
LOAD MANAGEMENT SYSTEM**

2 **RFLX-S IMPACT LAYER**

3 **HELMET STABILIZATION SYSTEM (HSS)**

4 **OPTI FIT MATRIX LINER SYSTEM**

**ADDITIONAL FEATURES**
- Flexural Resistance Engineering
- Air Assistance
- Quarter Turn Hardware (Option)
- Fusion Chin Strap (Black)
- Multiple Size Jaw Pads Available



**F7 2.0
COLLEGIATE**
Standard F7 2.0, with
Carbon Steel Facemasks
and Traditional Hardware

**F7 2.0
PROFESSIONAL**
An upgraded F7 2.0, with
Titanium Facemasks
Quarter Turns and

Facemask grid with models:
F7-EGOP-III-NB-VC, F7-EGOP-II-DW-NB-VC, F7-EGOP-II-NB-VC, F7-EGOP-NB-VC, F7-ROPO-NB-VC, F7-ROPO-SW-NB-VC, F7-ROPO-DW-NB-VC, F7-ROPO-DW-PRO-NB-VC, F7-ROPO-DW-NB-VC, F7-ROPO-DW-NB-G-VC, F7-RJOP-DW-NB

- All facguards shown will accommodate eye shields / visors.   **Custom Paint** See pages 70–78 available options
- **Ti** Titanium   **CS** Carbon Steel | Titanium guards are up to 60% lighter than traditional carbon steel guards.

**HELMET SIZE CHART**

**WHITE OUT KIT** OPTION
Available for all F7 helmets. Includes:
White Front Bumper
White Rear Bumper
White Stabilizer
White Chin Strap & Cup

PRICING   PRO MSRP $649.99
COLLEGIATE MSRP $499.99

**HELMET UPGRADES & ACCESSORIES**
See pages 87–90 for upgrades & accessories

**ONLINE**
Visit schuttsports.com for additional information




# F7 2.0
# HELMET TECHNOLOGY

**The Next Evolution of the Game's Most Dynamic Helmet**

The Schutt F7 2.0 incorporates a completely redesigned impact layer, an expanded Tektonic plate system for load distribution, and a completely re-engineered fit platform, all housed within the game's most dynamic outer shell. The result is the same iconic styling of the original F7, but with improved impact performance for maximum protection and increased athlete comfort.

## 01
### RFLX-S
The Schutt F7 2.0 features a similar RFLX impact layer found in the industry redefining VICIS ZERO2, but optimized to respond to impacts in unison with a rigid outer shell and Schutt's Tektonic Plate System. RFLX-S is a proprietary buckling layer that employs a series of columns designed to absorb and deflect impact forces before they reach the athlete's head.

## 02
### TEKTONIC PLATE LOAD-MANAGEMENT SYSTEM
The Schutt F7 2.0 now incorporates interior Tektonic plates which improve impact distribution across the entirety of the helmet. Building upon the exterior plate synonymous with the original F7 design, the expanded Tektonic plate load management system is a key component that contributes to the 2.0's improved impact performance.

## 03
### AIR ASSISTANCE
The F7 2.0 features a single inflation point to help athletes personalize their fit through the addition of air within the contoured air pocket. Now relocated to the rear bumper of the helmet, the fast-access inflation point is designed for ease of use by athletes, parents, and equipment managers alike.

## 04
### INCREASED ATHLETE COMFORT AND IMPROVED FIT FLEXIBILITY
The F7 2.0 introduces an all-new adaptive fit system that provides unrivaled flexibility and superior comfort. Newly designed impact-sensitive pods combine a comfort layer with a GSD rate-sensitive dampening layer. To improve the range of fit dynamics unique to each athlete, the helmet liner integrates an industry-first stacking pod system in five locations. This Tear-Away pod system makes for a quick-and-easy fit system using geometry interlock and Velcro.


**CLICK, SNAP OR TAP TO VIEW**
**FOR VIRGINIA TECH RATING**
The F7 2.0 recieved a 5-Star Rating in the Virginia Tech helmet protocols. Scan QR Code for link to ratings.


**CLICK OR TAP HERE AND VIDEO**
**FOR F7 2.0 INTRO VIDEO**
Learn more about the newly redesigned F7 2.0 and what makes it the game's most dynamic helmet.

*schutt*

**VIRGINIA TECH.
HELMET RATING**
5 ★★★★★




**VIRGINIA TECH TOP-RATED HELMET**
The Schutt F7 2.0 recorded a top rating in the Virginia Tech Performance Helmet Ratings, with a five-star rating and an extremely high performing score of 1.35.

**NOT YOUR AVERAGE 5-STAR HELMET**
Not all five-star helmets are created equally. The F7 2.0 tested significantly better in impact performance than the average five-star-rated helmet in the 2024 Virginia Tech Helmet Ratings.

**HELMET SIZE CHART**

| HELMET SIZE | HEAD SIZE | HEAD CIRCUMFERENCE | HSS PADS INCLUDED |
|---|---|---|---|
| Medium | 6¾ – 7 | 20¾ – 22" | ¾" – 1" |
| Large | 7 – 7⅜ | 22 – 23⅛" | ¾" – ¾" |
| X-Large | 7⅜ – 8 | 23⅛ – 25" | ¾" – ¾" |



The graph compares this helmet's performance to the average 5-star-rated helmet at the 3 impact severities. Lower values for the score contribution indicate better performance. [Source: Virginia Tech]

21.    The Schutt F7 2.0 helmets include at least the following: F7 2.0 Professional, F7 2.0 Collegiate, and F7 UR1 2.0 (collectively, "F7 2.0 Helmets"). Examples of the Schutt F7 2.0 helmets are shown below:



F7 2.0 PROFESSIONAL HELMET                           $649.99



F7 2.0 COLLEGIATE HELMET                           $499.99



22.    The Schutt F7 helmets include at least the following: F7 UR1/UR2, F7 UR1, F7 VTD, F7 LTD, F7 LX1 (collectively, "F7 Helmets"). Examples of the Schutt F7 helmets are shown below:











23.    The Schutt Vengeance helmets include at least the following: Vengeance Pro LTD II, Vengeance Pro LTD, Vengeance Pro VTD, Vengeance Pro, Vengeance Z10 LTD, Vengeance Z10 VTD, Vengeance Z10, Vengeance A11 2.0, Vengeance A11, Vengeance A9, Vengeance A3+, and Vengeance A3 (collectively, "Vengeance Helmets"). Examples of the Schutt Vengeance helmets are shown below:

 

 

 



 

- 14 -







## COUNT I
### Infringement of U.S. Patent No. 10,506,841

24.     Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as though fully set forth herein.

25.     Riddell is the owner by assignment of U.S. Patent No. 10,506,841, which was duly and lawfully issued by the United States Patent and Trademark Office on December 17, 2019, titled "Football Helmet with Recessed Face Guard Mounting Areas" ("the '841 patent").  A Certificate of Correction for the '841 patent was issued on September 20, 2022. A true and correct

copy of the '841 patent (along with its Certificate of Correction) is attached as Exhibit A and made a part hereof.

26.    The '841 patent is valid and enforceable.

27.    Regarding the '841 patent, Riddell has complied with the statutory notice provisions of 35 U.S.C. § 287.

28.    Certor has had knowledge of the '841 patent at least as of April 20, 2023. On that date, counsel for Riddell sent counsel for Certor an infringement notice letter specifically identifying the '841 patent and providing a preliminary infringement claim chart for the '841 patent. Counsel for Riddell sent counsel for Certor an additional infringement notice letter providing an additional preliminary claim chart for the '841 patent on July 7, 2023.

29.    Certor has at no time been licensed under the '841 patent.

30.    Certor has infringed, and is currently infringing, literally and/or under the doctrine of equivalents, one or more claims of the '841 patent, in violation of 35 U.S.C. § 271 *et seq.*, by making, using, selling, offering to sell in the United States, and/or importing into the United States products that embody one or more claims of the '841 patent, including without limitation the Schutt F7 2.0 Helmets and Schutt F7 Helmets.

31.    By way of example, independent claim 22 of the '841 patent (as corrected by the Certificate of Correction) recites as follows:

> 22. A football helmet having a low-profile face guard mounting configuration, the helmet comprising:
>     a one-piece shell including:
>         a crown portion defining an upper region of the shell;
>         a front portion extending forwadrly [sic] and downwardly from the crown portion;
>         left and right side portions extending downwardly and laterally from the crown portion and include a non-circular ear opening, said front portion and said left and

right side portions collectively define a frontal opening in the shell;

a recessed face guard attachment region that resides inward of an adjacent first portion of an outer shell surface, wherein an extent of the recessed face guard attachment region is defined by an arrangement of three linear wall segments that are formed in the shell and define a U-shaped area;

a face guard having a plurality of intersecting bars, the face guard having an upper peripheral mounting portion;

a connector bracket configured to receive an extent of the upper peripheral mounting portion of the face guard and releasably secure ther [sic] upper peripheral mounting portion of the face guard to the recessed face guard attachment region in a secured position; and

wherein in the secured position: (i) an exterior surface of said upper peripheral mounting portion of the face guard resides external to the adjacent first portion of the outer shell surface, (ii) at least a first extent of an inner surface of the connector bracket reside inward of the adjacent first portion of the outer shell surface, and (iii) a second extent of the inner surface of the connector bracket is offset a distance from an outer surface of the recessed face guard attachment region.

32.    The accused helmets include each and every limitation of one or more claims of the '841 patent, including at least claim 22. A preliminary infringement chart comparing this claim to representative Schutt helmets is attached as Exhibit F (and incorporated herein by reference).

33.    Certor's infringement of the '841 patent is willful at least as of April 20, 2023.

34.    Plaintiffs have been injured and damaged by Certor's infringement of the '841 patent. Certor's infringement has caused, and will continue to cause, irreparable harm to Plaintiffs, for which Plaintiffs have no adequate remedies at law, unless and until enjoined by this Court.

**COUNT II**
**Infringement of U.S. Patent No. 10,932,514**

35.    Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as though fully set forth herein.

RLF1 32561192v.1

36.     Riddell is the owner by assignment of U.S. Patent No. 10,932,514, which was duly and lawfully issued by the United States Patent and Trademark Office on March 2, 2021, titled "Protective Sports Helmet" ("the '514 patent").  A Certificate of Correction for the '514 patent was issued on July 12, 2022. A true and correct copy of the '514 patent (along with its Certificate of Correction) is attached as Exhibit B and made a part hereof.

37.     The '514 patent was valid and enforceable for the entirety of its term.

38.     Regarding the '514 patent, Riddell has complied with the statutory notice provisions of 35 U.S.C. § 287.

39.     Certor has had knowledge of the '514 patent at least as of April 20, 2023. On that date, counsel for Riddell sent counsel for Certor an infringement notice letter specifically identifying the '514 patent and providing a preliminary infringement claim chart for the '514 patent. Counsel for Riddell sent counsel for Certor an additional infringement notice letter providing an additional preliminary claim chart for the '514 patent on July 7, 2023.

40.     Certor has at no time been licensed under the '514 patent.

41.     Certor has infringed, literally and/or under the doctrine of equivalents, one or more claims of the '514 patent, in violation of 35 U.S.C. § 271 *et seq.*, by making, using, selling, offering to sell in the United States, and/or importing into the United States products that embody one or more claims of the '514 patent, including without limitation the Schutt F7 2.0 Helmets,  F7 Helmets, and Vengeance Helmets.

42.     By way of example, independent claim 20 of the '514 patent (as corrected by the Certificate of Correction) recites as follows:

> 20. A protective sports helmet to be worn by a player engaged in a sporting activity comprising:
>     a one-piece plastic shell configured to receive a head of a
>         player, the shell having:

a front region having a frontal edge,
a crown region,
a rear region,
two side regions depending from the crown region, wherein
  each side region has an arrangement of openings
  comprising:
  a first non-circular opening formed in the shell and
    configured to overlie an ear of the player, when the
    helmet is worn by the player, said first non-circular
    opening is defined by an arrangement of edge
    segments that includes a top edge oriented towards the
    crown region and a rear edge oriented towards the rear
    region,
  a second non-circular opening formed in the shell and
    positioned rearward of the first non-circular opening,
    said second non-circular opening is defined by an
    arrangement of edge segments that includes a top edge
    oriented towards the crown region and a front edge
    oriented towards the frontal edge of the shell, and
  wherein at least a substantial extent of the top edge of the
    first non-circular opening is aligned with the top edge
    of the second non-circular opening.

43.    The accused helmets include each and every limitation of one or more claims of the '514 patent, including at least claim 20.  A preliminary infringement chart comparing this claim to representative Schutt helmets is attached as Exhibit G (and incorporated herein by reference).

44.    Certor's infringement of the '514 patent is willful at least as of April 20, 2023.

45.    Plaintiffs have been injured and damaged by Certor's infringement of the '514 patent.

**COUNT III**
**Infringement of U.S. Patent No. 11,291,263**

46.    Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as though fully set forth herein.

47.    BSI is the owner by assignment of U.S. Patent No. 11,291,263, which was duly and lawfully issued by the United States Patent and Trademark Office on April 5, 2022, titled "Multi-

layer Helmet and Method for Making the Same" ("the '263 patent").  A true and correct copy of the '263 patent is attached as Exhibit C and made a part hereof.

48.    The '263 patent is valid and enforceable.

49.    Riddell is the exclusive licensee of the '263 patent.

50.    Regarding the '263 patent, Plaintiffs have complied with the statutory notice provisions of 35 U.S.C. § 287.

51.    Certor has had knowledge of the '263 patent at least as of April 20, 2023. On that date, counsel for Riddell sent counsel for Certor an infringement notice letter specifically identifying the '263 patent and providing a preliminary infringement claim chart for the '263 patent. Counsel for Riddell sent counsel for Certor an additional infringement notice letter providing an additional preliminary claim chart for the '263 patent on July 7, 2023.

52.    Certor has at no time been licensed under the '263 patent.

53.    Certor has infringed, and is currently infringing, literally and/or under the doctrine of equivalents, one or more claims of the '263 patent, in violation of 35 U.S.C. § 271 *et seq.*, by making, using, selling, offering to sell in the United States, and/or importing into the United States products that embody one or more claims of the '263 patent, including without limitation the VICIS Zero2 Helmets and the Schutt F7 2.0 Helmets.

54.    By way of example, independent claim 1 of the '263 patent recites as follows:

> 1. A protective helmet to be worn by a player engaged in a sport, the protective helmet comprising:
>     an outer shell;
>     a multi-layer liner assembly disposed within the outer shell,
>       the multi-layer liner assembly including an inner-layer
>       and an outer-layer, said multi-layer liner assembly permits
>       relative rotational movement between said layers when
>       the helmet is worn by the player and receives an impact;
>       wherein the inner-layer is positioned adjacent to the
>         player's head when the protective helmet is worn by

> the player and is made from a first material with a first
> density, and wherein the inner-layer is mechanically
> secured within the outer shell without using an
> adhesive;
> wherein the outer-layer is positioned adjacent to an inner
> surface of the outer shell and the outer-layer is made
> from a second material with a second density that is
> greater than the first density of the inner-layer, and
> wherein said outer-layer has: (i) a thickness at a
> location in a rear region that is greater than a thickness
> at a location in a rear region of the inner-layer and (ii)
> a thickness at a location in a front region that is
> different than a thickness at a location in a crown
> region of the outer-layer.

55.    The accused helmets include each and every limitation of one or more claims of the '263 patent, including at least claim 1.  Preliminary infringement charts comparing this claim to representative accused VICIS helmets and representative accused Schutt helmets are attached as Exhibits H and I, respectively (and incorporated herein by reference).

56.    Certor's infringement of the '263 patent is willful at least as of April 20, 2023.

57.    Plaintiffs have been injured and damaged by Certor's infringement of the '263 patent.  Certor's infringement has caused, and will continue to cause, irreparable harm to Plaintiffs, for which Plaintiffs have no adequate remedies at law, unless and until enjoined by this Court.

## COUNT IV
## Infringement of U.S. Patent No. 10,362,829

58.    Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as though fully set forth herein.

59.    BSI is the owner by assignment of U.S. Patent No. 10,362,829, which was duly and lawfully issued by the United States Patent and Trademark Office on July 30, 2019, titled "Multi-Layer Helmet and Method for Making the Same" ("the '829 patent").  A true and correct copy of the '829 patent is attached as Exhibit D and made a part hereof.

- 21 -

RLF1 32561192v.1

60.     The '829 patent is valid and enforceable.

61.     Riddell is the exclusive licensee of the '829 patent.

62.     Regarding the '829 patent, Plaintiffs have complied with the statutory notice provisions of 35 U.S.C. § 287.

63.     Certor has had knowledge of the '829 patent at least as of April 20, 2023. On that date, counsel for Riddell sent counsel for Certor an infringement notice letter specifically identifying the '829 patent and providing a preliminary infringement claim chart for the '829 patent.

64.     Certor has at no time been licensed under the '829 patent.

65.     Certor has infringed, and is currently infringing, literally and/or under the doctrine of equivalents, one or more claims of the '829 patent, in violation of 35 U.S.C. § 271 *et seq*., by making, using, selling, offering to sell in the United States, and/or importing into the United States products that embody one or more claims of the '829 patent, including without limitation the VICIS Zero2 Helmets.

66.     By way of example, claim 16 of the '829 patent recites as follows:

> 16. A protective helmet to be worn by a player engaged in a contact sport, the protective helmet comprising:
> a one-piece flexible outer shell;
> a multi-layer liner assembly in a pre-impact state and disposed within the flexible outer shell, the multi-layer liner assembly including an inner-layer, a middle-layer, and an outer-layer, said multi-layer liner assembly permits relative rotational movement between said layers where said movement results from an impact to the helmet while the helmet is being worn by the wearer:
> wherein the inner-layer is positioned between (i) an inner surface of the middle-layer and (ii) the player's head when the protective helmet is worn by the player, and wherein the inner-layer is mechanically coupled to the middle-layer without adhesive;

wherein the middle-layer is positioned between (i) an outer surface of the inner-layer and (ii) an inner surface of the outer-layer, said middle-layer has a greater density than a density of each of the inner-layer and the outer-layer; and

wherein the outer-layer is positioned between (i) an outer surface of the middle-layer and (ii) an inner surface of the flexible outer shell, wherein said outer-layer has a thickness that (a) is greater than a thickness of each of the inner-layer and the middle-layer and (b) varies between a front region of the outer-layer and a crown region of the outer-layer.

67.     The accused helmets include each and every limitation of one or more claims of the '829 patent, including at least claim 16. Preliminary infringement charts comparing these claims to representative accused VICIS helmets is attached as Exhibit J (and incorporated herein by reference).

68.     Certor's infringement of the '829 patent is willful at least as of April 20, 2023.

69.     Plaintiffs have been injured and damaged by Certor's infringement of the '829 patent. Certor's infringement has caused, and will continue to cause, irreparable harm to Plaintiffs, for which Plaintiffs have no adequate remedies at law, unless and until enjoined by this Court.

## COUNT V
### Infringement of U.S. Patent No. 11,712,615

70.     Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as though fully set forth herein.

71.     Riddell is the owner by assignment of U.S. Patent No. 11,712,615, which was duly and lawfully issued by the United States Patent and Trademark Office on August 1, 2023, titled "System and Method of Assembling a Protective Sports Helmet" ("the '615 patent"). A true and correct copy of the '615 patent is attached as Exhibit E and made a part hereof.

72.     The '615 patent is valid and enforceable.

73.     Regarding the '615 patent, Plaintiffs have complied with the statutory notice provisions of 35 U.S.C. § 287.

74.     Certor has had knowledge of the '615 patent at least as of October 27, 2023. On that date, counsel for Riddell sent counsel for Certor an infringement notice letter specifically identifying the '615 patent and providing a preliminary infringement claim chart for the '615 patent.

75.     Certor has at no time been licensed under the '615 patent.

76.     Certor has infringed, and is currently infringing, literally and/or under the doctrine of equivalents, one or more claims of the '615 patent, in violation of 35 U.S.C. § 271 *et seq.*, by performing the methods claimed in one or more claims of the '615 patent and/or by making, using, selling, offering to sell in the United States, and/or importing into the United States products made according to the methods claimed in one or more claims of the '615 patent, including without limitation the Schutt F7 UR1 2.0 helmet.

77.     By way of example, independent claim 39 of the '615 patent recites as follows:

> 39. A method of assembling a protective sports helmet to be worn by a player while participating in a sports activity, comprising:
>     acquiring head data from a player's head;
>     providing a plurality of pre-manufactured pad models within a computer program; and
>     using the computer program to identify a pre-manufactured pad model from the plurality of pre-manufactured pad models based on a comparison between: (i) at least one pre-manufactured pad model of the plurality of pre-manufactured pad models, and (ii) the acquired head data.

78.     The accused methods include each and every limitation of one or more claims of the '615 patent, including at least claim 39. A preliminary infringement chart comparing this claim to the method used in connection with a representative accused Schutt helmet is attached as Exhibit K (and incorporated herein by reference).

- 24 -

79.     Certor's infringement of the '615 patent is willful at least as of October 27, 2023.

80.     Plaintiffs have been injured and damaged by Certor's infringement of the '615 patent.  Certor's infringement has caused, and will continue to cause, irreparable harm to Plaintiffs, for which Plaintiffs have no adequate remedies at law, unless and until enjoined by this Court.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for a judgment that:

A.     Defendant has infringed one or more claims of the asserted patents, and such infringement has been willful;

B.     Defendant, its officers, directors, employees, agents, subsidiaries, licensees, servants, successors and assigns, and any and all persons acting in privity or in concert or participation with Defendant, be enjoined from further infringement under 35 U.S.C. § 283;

C.     Plaintiffs be awarded all damages adequate to compensate Plaintiffs for Defendant's infringement, and such damages be trebled under 35 U.S.C. § 284 and awarded to Plaintiffs, with interest;

D.     This case be adjudged an exceptional case under 35 U.S.C. § 285, and Plaintiffs be awarded attorneys' fees, costs, and all expenses incurred in this action;

E.     Plaintiffs be awarded all actual and compensatory damages; and

F.     Plaintiffs be awarded such other and further relief as the Court deems just and proper.

RLF1 32561192v.1

## <u>JURY DEMAND</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues triable by jury.


OF COUNSEL:

Rodger K. Carreyn
Christopher G. Hanewicz
Gabrielle E. Bina
**PERKINS COIE LLP**
33 East Main Street, Suite 201
Madison, WI 53703
(608) 663-7460


Dated:  March 14, 2025

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Plaintiffs, Riddell, Inc. and Bell Sports, Inc.*